## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CORNELL BARBER,       )
                            )
          **Plaintiff,**      )
                            )
          **v.**         )      **Civil Action No. 05-852 (JR)**
                            )
**DISTRICT OF COLUMBIA,**      )
**et al.,**                         )
                            )
          **Defendants.**    )

## MEMORANDUM OPINION

Plaintiff, an inmate at the Federal Medical Center in Springfield, Missouri, brought this action *pro se* pursuant to 42 U.S.C. § 1983 against the District of Columbia, Anthony Williams, the Mayor of the District of Columbia, Odie Washington, Director of the District of Columbia Department of Corrections ("DOC"), and Dennis Harrison, Warden of the DOC's Lorton Central Facility.[1]  Defendants have moved to dismiss or, alternatively, for summary judgment.

*Background*

On March 26, 2001, Mr. Barber was incarcerated at DOC's Lorton Central Facility. Complaint ("Compl."), ¶ 10.[2]  Plaintiff was transferred that day from Lorton to the Sussex II State Maximum Security Facility.  *Id.*, ¶ 11.  Prior to the transfer, DOC staff ordered plaintiff to remove a finger splint, which was medically prescribed for the treatment of Carpal Tunnel Syndrome.  *Id.*, ¶ 12.  Plaintiff told the prison employees that he was required to wear the splint continuously.  *Id.*, ¶ 13.  In response, Corporal McKnight and other prison employees attacked

---

[1]  The Complaint also names as defendants Corporal McKnight and unknown DOC employees, but none of these defendants have been served.

[2]  The allegations of the complaint are taken as true for purposes of this motion.

the plaintiff, wrestled him to the floor, and twisted his arms behind his back. *Id.* As a result of this assault, plaintiff's neck was jammed and dislocated. *Id.*, ¶ 14.

Plaintiff requested medical assistance, but Corporal McKnight informed him that he would receive medical assistance upon his arrival at Sussex II. *Id.*, ¶ 15. Once plaintiff was received at Sussex II, the staff there handled him roughly, causing more injury to his wrists. *Id.*, ¶ 16. The medical staff at Sussex determined that, because plaintiff had recently undergone hemorrhoid surgery, he would not be accepted at Sussex. *Id.*, ¶ 17. He was ordered back to Lorton. *Id.* Upon his return to Lorton, plaintiff's request for medical treatment was again denied by prison staff. *Id.,* ¶ 18. Plaintiff eventually received medical treatment, but he alleges it was inadequate. *Id.*

Plaintiff filed an inmate grievance. *Id.*, ¶ 19. Soon thereafter, he was transferred to the United States Penitentiary in Allenwood, Pennsylvania ("USP-Allenwood"). *Id.* Plaintiff alleges that his transfer was in retaliation for his filing of a grievance. *Id.* At USP-Allenwood, plaintiff received medical treatment for a bulged disc, dislocated vertebrae in the neck, and a wrist injury. *Id.*, ¶ 21.

On May 8, 2003, Mr. Barber filed an action in the Superior Court of the District of Columbia based on these alleged incidents. Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment ("Defts.' Mot."), Exhibit ("Ex.") 1. In that action, plaintiff brought constitutional claims pursuant to 42 U.S.C. § 1983 and common law claims. *Id.* On August 24, 2004, the Superior Court granted summary judgment in favor of the District of Columbia. *Id.*, Ex. 2. The Superior Court held that plaintiff had failed to establish municipal liability under § 1983 and that the common law claims were barred because plaintiff failed to

timely notify the District of his intent to sue as required under the D.C. Code. *Id.* The Superior

Court's decision was affirmed by the District of Columbia Court of Appeals on February 10,

2005. *Id.*, Ex. 3. Mr. Barber filed this action on April 29, 2005.

*Discussion*

The District of Columbia contends that plaintiff's claims are barred because they were

previously litigated in the Superior Court of the District of Columbia. The doctrine of *res*

*judicata* operates as a bar to relitigation of a cause of action that has been reduced to final

judgment on the merits in a prior suit involving the same parties or their privies. *Parklane*

*Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979); *I.A.M. Nat'l Pension Fund v. Indus. Gear*

*Mfg. Co.*, 723 F.2d 944, 946-47 (D.C. Cir. 1983). The doctrine bars relitigation, not only of

matters that were determined in the previous litigation, but also issues that could have been

raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Appalachian Power Co. v. EPA*,

251 F3d 1026, 1033 (D.C. Cir. 2001). In order for the doctrine to apply, (1) the issue must have

actually been litigated, i.e., contested by the parties and determined by the court; (2) the issue

must have been necessary to the court's disposition of the case; and (3) the relitigation bar in the

second action would not create an unfairness against the party as to whom the issue preclusion is

imposed. *United States v. TDC Mgmt. Corp.*, 24 F.3d 292, 295 (D.C. Cir. 1994); *Meng v.*

*Schwartz*, 305 F.Supp.2d 49, 57 (D.D.C. 2004).

All of the claims in this case involve plaintiff's alleged mistreatment by prison officials

during his transfer from the Lorton facility to Sussex II. Plaintiff has pleaded the same facts and

named the same parties here as in his D.C. Superior Court case. The District of Columbia courts

decided that Plaintiff had failed to establish municipal liability under § 1983. Under the doctrine

of *res judicata*, plaintiff may not relitigate the same claims here.  The defendants' motion will be granted and judgment entered in favor of defendants.

A separate Order accompanies this Memorandum Opinion.


JAMES ROBERTSON
United States District Judge